UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK CHALMERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    17-4150 |
| | ) |
| CATALINO BAUTISTA, *et al.* | ) |
| | ) |
| Defendants. | ) |

MERIT REVIEW ORDER

    This case is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The Court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

    Plaintiff is incarcerated at Hill Correctional Center. Plaintiff filed a Motion for a Preliminary Injunction/temporary restraining order (TRO) alleging that officials at Hill refuse to treat his medical conditions for cost reasons and because his expected release date is in August 2017. He alleges that the bridge of his nose is disfigured with bleeding and pus, he suffers from a constant burning sensation in his eyes, abdominal pain, rectal bleeding, and decreased urination. The exact treatment Plaintiff has received is unclear from the allegations, but in sum, it appears Defendant Bautista, a doctor, has refused to provide treatment or refer Plaintiff to an outside specialist.

    Plaintiff has not filed a complaint in this matter, only the TRO motion. The Court construes Plaintiff's motion as a complaint. Plaintiff states a claim for deliberate indifference to a serious medical need as the failure to refer Plaintiff to a specialist or otherwise provide adequate treatment for his condition suggests Defendant Bautista

did not act with the requisite professional judgment. *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008). Plaintiff's allegations also plausibly suggest that a Wexford policy to reduce costs caused the alleged constitutional deprivation. Therefore, these claims should proceed against Defendants Bautista and Wexford.

The remaining defendants should be dismissed. Plaintiff appears to be receiving some treatment and no plausible inference exists that prison officials have obstructed his access to the medical staff or prescribed treatment in any way. Non-medical prison officials are entitled to defer to judgment of medical professionals providing a prisoner's care, and nurses must defer to the orders of the treating physicians. *Berry v. Peterman*, 604 F.3d 435, 443 (7th Cir. 2010). Finally, no plausible inference exists that the remaining defendants were personally involved in Plaintiff's treatment. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).

To the extent that Plaintiff seeks injunctive relief, Rule 65 of the Federal Rules of Civil Procedure provides that a court may issue a preliminary injunction only upon notice to the opposing party. Fed. R. Civ. P. 65(a)(1). Defendants in this case have not yet been served. For a temporary restraining order to issue without notice to the opposing party, the party seeking injunctive relief must file an affidavit or verified complaint alleging specific facts that show that immediate and irreparable harm will result before an adverse party can be served, and also detailing the efforts made to serve the adverse party. Fed. R. Civ. P. 65(b)(1). Plaintiff has not provided either. Therefore, his requests for injunctive relief are denied.

**IT IS THEREFORE ORDERED that:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claims for deliberate indifference to a serious medical need against Defendants Bautista and Wexford Health Sources, Inc. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion

requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal

service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate Defendants Lindorff, The Bantry Group Corporation, Ryan, Faetanini, Blackmen, Young, Haley, Stokes, Hendricks, Lamb, Mudd, Parish, Vollmer, Gans, Lemay, Dorethy, Williams, McNeely, Funk, Halloran, and Lewis.

12. The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

13. Plaintiff's motion for preliminary injunction (#1) and motion for leave to supplement (#10) are denied.

14. Plaintiff's motion to request counsel (#4) is denied with leave to renew. Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007), citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993). Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second.

15. Plaintiff's motion to disqualify attorney general (#5) is denied. Plaintiff's allegations contained in the motion are speculative at best.

Entered this 21st day of July, 2017.

/s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE